MR. JUSTICE HARRISON
specially concurring:
In signing this opinion, I must express a real concern — one perhaps that needs the attention of the legislature if our workers’ *158 compensation system is to properly care for the needs of our citizens. I recognize the right of a claimant to bring an action for the commission of an intentional tort in the settling of a workers’ compensation claim. I am concerned, however, with the effect of these cases on the practical workings and operation of the workers’ compensation system. Today we possibly open the door to abuse in the settling of workers’ compensation claims. A claimant who disagrees with a settlement offer made to him by an insurance adjuster may escape the provisions of the Workers’ Compensation Act by merely alleging the commission of an intentional tort. This may prove to be a tactic that places insurance adjusters at a severe disadvantage of settling claims. I have no special affinity for insurance adjusters. However, this is not the fashion in which the legislative envisioned the settlement process to operate.
The safeguards against this type of abuse lie in the procedures established for dismissing actions that lack merit at the District Court level. The safeguards include motions for summary judgment and motions for directed verdicts. Prompt impositions of these safeguards will protect against abuse of the workers’ compensation settlement process by lessening the possibility that an insurance adjuster will be forced to defend against a claim that lacks merit. The case here is before the Court on a motion to dismiss. At this stage of the proceedings, the allegations of the complaints must be taken as true and do state a cause of action for intentional tort. I, therefore, agree procedurally with the result reached in the case. I cannot say, however, that I would agree with the results if the case came to us after summary judgment. The claimant would have to produce much more evidence than the record now indicates exists before the facts would show intentional wrongdoing by the insurance adjuster in this case. This is especially true given the real practical problems of abuse of the workers’ compensation system that may occur if this Court and the District Courts do not carefully enforce the safeguards provided by the judicial process. I therefore join in the opinion of the Court in this case, but with the above-noted reservations.